1
2
3
4
5
6

Elliot Rosenberger (Cal. Bar No. 298837)
Biletsky Rosenberger
7080 Hollywood Blvd., Ste. 1100
Los Angeles, CA 90028
Telephone: (424) 256-5075
Facsimile: (866) 317-2674
er@biletskyrosenberger.com
Attorneys for Plaintiff

7
8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

9

Ronale Bea-Mone, III,

Plaintiff,

vs.

Silverstein Eviction Law Offices,

Defendant.

)
)
)
)
)
)
)
)
)
)

Case No. 8:17-cv-550

**COMPLAINT AND TRIAL BY JURY DEMAND**

10
11
12
13
14
15
16

### NATURE OF ACTION

17       1.       Plaintiff Ronale Bea-Mone, III ("Plaintiff") brings this action against

18  Defendant Silverstein Eviction Law Offices ("Defendant") pursuant to the Fair Debt

19
20  Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

21       ### JURISDICTION, VENUE, AND STANDING

22       2.       This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C.

23
24  § 1331.

25       3.       Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where

26  the acts and transactions giving rise to Plaintiff's action occurred in this district, where

27
28  Plaintiff resides in this district, and where Defendant transacts business in this district.

4.       "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5.       "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)).  Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See Id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6.       "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

**THE FAIR DEBT COLLECTION PRACTICES ACT**

7.      Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

8.      To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

9.      Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers.  *Clark*, 460 F.3d at 1176.

10.      "In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress 'clearly intended that private enforcement actions would be the primacy enforcement tool of the Act.'"  *Id.* (quoting *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982)).

11.      Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000).

12.     "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117-8 (9th Cir. 2014) (emphasis in original).

13.     "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

14.     A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice.  *See* 15 U.S.C. § 1692g(a).

## PARTIES

15.     Plaintiff is a natural person who at all relevant times resided in the State of California, County of Riverside, and City of Lake Elsinore.

16.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

17.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

18.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

19.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

20.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—rent payments for a personal residence (the "Debt").

21.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

22.     Plaintiff is a 63-year-old Vietnam veteran who Defendant alleges fell behind on his monthly rent due to unexpected medical bills and car repairs that arose from time to time.

23.     However, Plaintiff always made his best efforts to catch up and pay his rent purportedly owed.

24.     On October 20, 2016, Defendant sent Plaintiff a letter in connection with the collection of the Debt.

1

2

3

25.    A true and correct copy of Defendant's October 20, 2016 letter is attached to this complaint as Exhibit A.

4

5

26.    Defendant's October 20, 2016 letter was Defendant's initial communication in connection with the collection of the Debt.

6

7

8

9

27.    Defendant's October 20, 2016 letter completely fails to convey the disclosures required by the FDCPA of an initial written communication.  Exhibit A; *see* 15 U.S.C. § 1692g(a).

10

11

12

28.    Defendant did not provide Plaintiff with the required disclosures within five days of its initial communication with Plaintiff.

13

14

15

16

17

29.    Defendant's October 20, 2016 letter would leave the least sophisticated consumer unaware of his rights to dispute the Debt, request verification of the Debt, or request the name and address of the original creditor.  Exhibit A; *see* 15 U.S.C. § 1692g(a).

18

19

20

21

30.    Because Defendant failed to include the required disclosures in its October 20, 2016 initial communication, or in writing within five days thereafter, Plaintiff was unaware of his dispute rights and did not dispute the debt with Defendant.

22

23

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692g(a)**

24

31.    Plaintiff repeats and re-alleges each factual allegation contained above.

25

26

27

32.    Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the

28

FDCPA.   *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

33.     This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."   *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

34.     "The statute is not satisfied merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor.   It must be large enough to be easily read and sufficiently prominent to be noticed—even by the least sophisticated debtor."   *Gostony v. Diem Corp.*, 320 F. Supp. 2d 932, 938 (D. Ariz. 2003); (citing *Ost v. Collection Bureau, Inc.,* 493 F. Supp. 701, 703 (D.N.D. 1980) ("communication must not be designed to 'evade the spirit of the notice statute, and mislead the debtor into disregarding the notice'").

35.     By failing to include the disclosures required under the FDCPA, Defendant violated 15 U.S.C. § 1692g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

   b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

1
2
3

       d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this

action pursuant to 15 U.S.C. § 1692k(a)(3);

4
5

       e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible

by law; and

6
7

       f)  Awarding such other and further relief as the Court may deem proper.

8

## TRIAL BY JURY

9

    37.    Plaintiff is entitled to and hereby demands a trial by jury.

10

Dated: March 27, 2017

11

                                      Respectfully submitted,

12
13
14
15
16
17

                                      /s/ Elliot Rosenberger
Elliot Rosenberger (Cal. Bar No. 298837)
Biletsky Rosenberger
7080 Hollywood Blvd., Ste. 1100
Los Angeles, CA 90028
Telephone: (424) 256-5075
Facsimile: (866) 317-2674
er@biletskyrosenberger.com

18

*Co-counsel with Thompson Consumer Law Group, PLLC*

19
20

**Correspondence address:**

21
22

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206

23
24

Attorneys for Plaintiff

25
26
27
28