1   DALE B. GOLDFARB  -  State Bar No. 65955
    333 South Hope Street, Suite 1000
2   Los Angeles, CA 90071
3   (213) 489-3222  Telephone
    (213) 622-4253  Facsimile
4   Email:  dgoldfarb@hfdclaw.com  (office) and
5   Email:  dale@dalegoldfarb.com

6
    LARRY ROTHMAN & ASSOCIATES
7   LARRY ROTHMAN - State Bar No. 72451
8   Weir Canyon Corporate Center
    160 Old Springs Road, Suite 170
9   Anaheim Hills, California 92808
10  (714) 363 0220 Telephone
    (714) 363 0229 Facsimile
11  tocollect@aol.com E-Mail
12
13  Attorney for the Defendant:
    SILVERSTEIN EVICTION LAW OFFICES
14

15                **UNITED STATES DISTRICT COURT**

16      **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA**

17

18

| | |
|---|---|
| 19 RONALE BEA-MOORE | CASE NO: 8:17- cv-550-JLS (DFMx) |
| 20 | |
| 21 | |
| Plaintiff, | **TRIAL BRIEF** |
| 22 vs. | |
| 23 | Judge: Josephine L. Station Courtroom: 10A |
| 24 SILVERSTEIN EVICTION LAW | |
| 25 OFFICES | **Trial Date:  November 13, 2018 Time:   8:00 a.m.** |
| 26 | |
| 27 Defendant. | |
| 28 _____ | |

- 1-

TABLE OF CONTENTS

*Cases*

*(In re Schlegel), 720 F.3d 1204  ( 2013)* .................................................................... 5

*Brummagim V. Spencer, 29 Cal 661 (1866)* ............................................................. 10

*Goldstein v Hutton, Ingram, Yurzel, Gainen, Carroll & Bertolotti  374 F.3d 56 2nd*
*Circuit, 2014* ........................................................................................................... 4

*Mobil Oil Corp. v. Superior Court (Cal. App. 2d Dist. Mar. 8, 1978), 79 Cal. App.*
*3d 486* ..................................................................................................................... 11

*Statutes*

*15 U.S.C. §§ 1692e. 1692e(2)(A), 1692e(2)(B), 1692f(1) and 1692g(a)(1)* ............ 4

*15 USC1692k* ................................................................................................................ 4

*15 USCS § 1692f(6)]* .................................................................................................... 9

*Ca. Civil. Code § 1788.17* ............................................................................................ 8

*California Code of Civil Procedure §1179a* .............................................................. 11

*California Code of Civil Procedure, Section 1161(3)* ................................................ 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant, Silverstein Eviction Law Offices "Silverstein" submits this Trial Brief in support of entering judgment in favor of Silverstein.

## STATEMENT OF THE FACTS OF THIS CASE

Plaintiff, Ronale Bea-Moore "Bea" was a tenant at a residential property. Silverstein was the attorney for Bea's Landlord and filed an unlawful detainer action against Bea for nonpayment of rent at the premises.

Bea claims that he never received a three-day notice for non-payment of rent (per statement at his deposition).     Bea further claims that the first time that the saw the three-day notice was when he received the Summons and Complaint for unlawful detainer.    Bea filed a Fair Debt Collection Practices Act "FDCPA" against Silverstein based upon the original three-day notice for nonpayment of rent claiming that the three-day notice was a 'communication" under the provisions of the FDCPA.

Bea brought this action against "Silverstein" under FDCPA *15 U.S.C. §§ 1692e. 1692e(2)(A), 1692e(2)(B), 1692f (1) and 1692g(a)(1),* and sought damages as allowed under 1692k(a)*(1), (2) and (3)* which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

1

2

3

4

The issues remaining before the court are whether Defendant violated the FDCPA and if plaintiffs is entitled to statutory damages of up to $1,000.00 as allowed by §1692k based upon violations under the FDCPA.

5

6

7

8

## MEMORANDUM OF POINTS AND AUTHORITIES

9

10

11

12

13

14

Plaintiffs brought this action under FDCPA *15 U.S.C. §§ 1692e. 1692e(2)(A), 1692e(2)(B), 1692f(1) and 1692g(a)(1),* and sought damages as allowed under § 1692k(a)(1), (2) and (3).  which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

15

16

17

18

The issues remaining before the court are whether Defendant violated the FDCPA and if plaintiffs is entitled to statutory damages of up to $1,000.00 as allowed by §15 USC1692k based upon violations under the FDCPA.

19

## 1

20

21

22

## SILVERSTEIN IS NOT A "DEBT COLLECTOR" UNDER FDCPA NOR WAS THERE ANY "COMMUNICATIONS"

23

24

25

26

27

28

Silverstein is not a "debt collector" under the FDCPA.   The burden of proof to determine if Silverstein is a debt collector is on Bea.    Bea did not meet his burden.  *Acosta v James A. Gustino PA 646 Fed Apps 723(11th Circuit) 2016*

In *Goldstein v Hutton, Ingram, Yurzel, Gainen, Carroll & Bertolotti  374 F.3d 56 2nd Circuit, 2014*, the Court reviewed five factors to consider:

1) The number of collection cases

2) The frequency of collection cases

3) The pattern of collection communications

4) Staff and systems assigned for collection work

5) An ongoing ng relationship with the creditor.

In addition, a "debt collector" under the FDCPA is (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or (2) "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *15 U.S.C. § 1692a(6); Schlegel v. Wells Fargo Bank, NA (In re Schlegel), 720 F.3d 1204  ( 2013)*   In the case before this Court, Silverstein **did not** use any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.   In addition, the purpose of Silverstein's unlawful detainer actions was to obtain possession and in ancillary action obtain a judgment for rent **only** when his clients asked for it.

in fact, if the law was that every lawsuit's prayer actually asked for money or damages, most attorneys would be subject to the act if the complaint asked for

- 5-

damages by Attorney was a "consumer".   The law differentiates between an

attorney debt collector against a consumer for damages asked for in a complaint

against a "consumer" under FDCPA.

There is no evidence that the 3-day notice was served by mail or in interstate

commerce. The FDCPA does not apply to the facts of this case nor the California

provisions of the Act.

There was no statutory "commination" under the act.    The inclusion of the

3-day notice in the complaint for unlawful detainer action was the time that Bea

saw the 3-day notice which was an exhibit and not a communication by itself.

See *15 USC Section 1692a (2)*

*In Medialdea v. Law Office of Evan L Loeffler PLLC, 2008 U.S. Dist. LEXIS 109013,*the court held,

The tenants claimed that the violations occurred during the course of

litigation over attorney's fees and costs. The court granted the firm's motion in part.

The CPA claims failed because a court proceeding did not constitute trade or

commerce under Wash. Rev. Code §§ 19.86.020 and 19.86.090 of the CPA.

Further, the tenants paid no more than the amount that the state court found

appropriate and consequently suffered no actual damages. As to the FDCPA

claims, the court held that the fees and costs did qualify as debts under 15 U.S.C..

§§ 1692f(1) and 1692a(5) because they resulted from litigation efforts to enforce

rental agreements. Further, the FDCPA did apply to litigation activities, and the

common law litigation privilege did not protect the firm from such claims. The

court found that the claims brought under § 1692f and 15 U.S.C.S. § 1692e(5)

failed to state claims because the filing of a lawsuit alone was neither unfair nor

unconscionable. The court did find that Tenant #1 sufficiently stated a claim under

§ 1692e(2) because in requesting a service cost and utilities costs that were later

denied, the representations about the amount of debt were false and violated he

FDCPA..

The court granted without prejudice the motion to dismiss in part as to all

plaintiffs' claims under § 1692e(5) and § 1692f, the claims of Tenants #2 under §

1692e(2), and all claims brought under the CPA. The court denied the motion as to

the claims under § 1692e(2) of Tenant #1."

Bea claims that he never received a three-day notice for non-payment of

rent.     Bea further claims that the first time that the saw the three-day notice was

when he received the Summons and Complaint for unlawful detainer.     Bea filed a

Fair Debt Collection Practices Act "FDCPA" against Silverstein based upon the

three-day notice.

1

2

3

Under *Ca. Civil. Code § 1788.17*

4

5

6

Notwithstanding any other provision of this title, every debt collector

collecting or attempting to collect a consumer debt shall comply with the

7

provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the

8

9

remedies in Section 1692k of, Title 15 of the United States Code. However,

10

subsection (11) of Section 1692e and Section 1692g shall not apply to any person

11

specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15

12

13

of the United States Code or that person's principal. The references to federal

14

codes in this section refer to those codes as they read January 1, 2001.\

15

16

17

18

§ 1692a. Definitions

19

As used in this title [15 USCS §§ 1692 et seq.]--

20

**(1)**  The term "Bureau" means the Bureau of Consumer Financial Protection.

**(2)**  The term "communication" means the conveying of information regarding a

21

debt directly or indirectly to any person through any medium.

22

**(3)**  The term "consumer" means any natural person obligated or allegedly

23

obligated to pay any debt.

**(4)**  The term "creditor" means any person who offers or extends credit creating a

24

debt or to whom a debt is owed, but such term does not include any person to the

25

extent that he receives an assignment or transfer of a debt in default solely for the

purpose of facilitating collection of such debt for another.

26

**(5)**  The term "debt" means any obligation or alleged obligation of a consumer to

27

pay money arising out of a transaction in which the money, property, insurance, or

28

services which are the subject of the transaction are primarily for personal, family,

or household purposes, whether or not such obligation has been reduced to judgment.

(**6**)  The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 808(6) [*15 USCS § 1692f(6)*], such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include--

(**A**)  **any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;**

(**B**)  **any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;**

(**C**)  **any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;  (emphasis added)**

(**D**)  any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;

(**E**)  any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and

(**F**)  any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

**(7)**  The term "location information" means a consumer's place of abode and his telephone number at such place, or his place of employment.

**(8)**  The term "State" means any State, territory, or possession of the United States, the District of Columbia, the Commonwealth of Puerto Rico, or any political subdivision of any of the foregoing.

Under *California Code Section 1788, Attorneys are not subject to the California Code thus* differing liabilities under FDCPA and State Law.

## CONCLUSION

The purpose of an unlawful detainer action is to recover possession of the premises owned by the Landlord.    If it was for collection for past rent, it would not obtain the priority it receives under California law.    See *California Code of Civil Procedure, Section 1161(3)* specifically limited 3-day notice for possession

The Landlord may demand rent and possession at same time.   If a tenant holds over after rent has become due, and remains unpaid for the space of three days, the landlord may demand the payment of rent and delivery of possession at the same time, and on refusal of tenant, can maintain an action for unlawful holding over. It is not necessary to demand rent and wait three days and then demand possession. *Brummagim V. Spencer, 29 Cal 661 (1866).*

As part of the general statutory plan to provide for speedy disposition of unlawful detainer actions, the trial thereof is entitled to unqualified preference in

trial setting *California Code of Civil Procedure §* <mark>*1179a*</mark>*. Mobil Oil Corp. v. Superior Court (*<mark>*Cal.*</mark>* App. 2d Dist. Mar. 8, 1978), 79* <mark>*Cal.*</mark>* App. 3d 486.*

## CONCLUSION

Without proof of a chargable "communication" and without proof that Silverstein was a debt collector, judgment must be entered in favor of Silverstein

Since it was an exhibit to the Unlawful Detainer action, judgment has to be rendered in favor of Silverstein and against Bea.  .

                                          LARRY ROTHMAN AND ASSOCIATES

DATED:   November 9, 2018.

                                               S/LARRY ROTHMAN
                                          LARRY ROTHMAN,
                                          Attorney for the Defendant:
                                          SILVERSTEIN EVICTION LAW OFFICES

1

2

**CERTIFICATE OF SERVICE- PROOF OF SERVICE**

3

State of California, County of Orange:

4

5

6

I am employed in the county and state aforesaid.  I am over the age of 18 and not a party to the within action; my business address is:  160 South Old Springs Road, Suite 170 Anaheim Hills, California 92808

7

On November 9, 2018, I served the foregoing document described as

8

**TRIAL BRIEF**

9

10

on the parties listed below in this action as follows:

11

12

13

[ X ]              **BY ELECTRONIC MAIL**.  I caused the above document to be electronically mailed through the ECF system of the United States District Court. Executed on November 9, 2018, at Anaheim Hills California.

14

15

16

**[    ]              BY ELECTRONIC MAIL**.  I caused the above document to be electronically sent to the above-referenced opposing party or his/her/its counsel to the above referenced email address.

17

18

19

[    ]              **BY FACSIMILE**.   I caused the above referenced document to be sent by facsimile to the above-referenced opposing party or his/her/its counsel to the at the above referenced facsimile number

20

21

22

**[   ]              BY PERSONAL DELIVERY.** I caused the above referenced document to be delivered to the above-referenced opposing party or his/her/its counsel at the above address.

23

24

25

**[   ]              BY FIRST CLASS MAIL.   .** I caused the above referenced document to be sent by First Class Mail – postage paid to the above-referenced opposing party or his/her/its counsel at the above address.

26

.   .

27

28

[ X ]              **FEDERAL**.  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

1
2

[   ]            **STATE OF CALIFORNIA**.   I declare that I am employed in the
office of a member of the bar of this court at whose direction the service was made.

3
4
5

              I declare under penalty of perjury under the laws of United States
and the State of California that the above is true and correct.

6
7
8
9

                                                    S/LARRY ROTHMAN

                                        _____

                                                    LARRY ROTHMAN

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28