UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronale Bea-Mone, III,<br><br>Plaintiff,<br><br>vs.<br><br>Steven D. Silverstein, Attorney at Law,<br><br>Defendant. | Case No. 8:17-cv-00550-JLS-DFM<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER** |

Plaintiff Ronale Bea-Mone, III ("Plaintiff") commenced this civil action against Defendant Steven D. Silverstein, Attorney at Law ("Defendant") on March 27, 2017. A jury trial was held before this Court on November 13, 2018. Plaintiff appeared by his attorneys Russell S. Thompson, IV and Amorette Rinkleib. Defendant appeared by his attorneys Dale V. Goldfarb and Larry Rothman.

The jury, having heard the testimony and considered the evidence, found as follows:

1. Plaintiff proved, by a preponderance of the evidence, that Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. § 1692a(6);

2. Plaintiff proved, by a preponderance of the evidence, that Defendant violated the FDCPA at 15 U.S.C. §1692g(a) by failing to provide Plaintiff with the required notices in Defendant's Notice or in writing within five days thereafter;

3. Defendant failed to prove, by a preponderance of the evidence, that his violation of the FDCPA at 15 U.S.C. § 1692g(a) was unintentional and the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error(s);

4. Plaintiff proved, by a preponderance of the evidence, that Defendant violated the FDCPA at 15 U.S.C. § 1692e(5) by threatening to take an action that was not intended to be taken in Defendant's Notice;

5. Defendant failed to prove, by a preponderance of the evidence, that his violation of the FDCPA at 15 U.S.C. § 1692e(5) was unintentional and the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error(s);

6. Plaintiff proved, by a preponderance of the evidence, that Defendant violated the FDCPA at 15 U.S.C. § 1692e(11) by failing to disclose that he was

"attempting to collect a debt and that any information obtained will be used for that purpose" as required by the FDCPA; and

7. Defendant failed to prove, by a preponderance of the evidence, that his violation of the FDCPA at 15 U.S.C. § 1692e(11) was unintentional and the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error(s); and

8. Plaintiff is entitled to maximum statutory damages in the amount of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A).

It is hereby ORDERED, ADJUDGED, AND DECREED that judgment is entered for $1,000.00 in favor of Plaintiff and against Defendant. Pursuant to Local Rules 54-10 and 54-11, Plaintiff's motion for attorneys' fees and costs shall be served and filed within fourteen (14) days after the entry of this final judgment.

DATED this_____ day of _____, 2018.

_____
Hon. Josephine L. Staton